**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CAROLYN YVONNE JONES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-00199-O-BP** |
| | § | |
| **CARADAY OF FORT WORTH d/b/a WILLOW RIDGE,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion for Default Judgment (ECF No. 20) and Response (ECF No. 22) to the Court's Show Cause Order (ECEF No. 21) that *pro se* Plaintiff Carolyn Yvonne Jones filed on June 8, 2026 and July 2, 2026, respectively. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **DENY** Jones' Motion (ECF No. 20).

## I. BACKGROUND

This is a disability discrimination suit arising under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112, *et seq.* and Texas Labor Code § 21.051. ECF No. 1. On February 27, 2026, after screening her Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court ordered Jones to serve Defendant Caraday of Fort Worth d/b/a/ Willow Ridge ("Caraday"). ECF No. 7. After purporting to serve Caraday on May 4, 2026, Jones sought an entry of default from the Clerk, which she obtained on June 2, 2026. ECF Nos. 18, 19. On June 8, 2026, Jones filed the present Motion. ECF No. 20.

On March 6, 2026, a deputy marshal attempted to execute a summons at Jones' request at 8001 Western Hills Blvd., White Settlement, Texas 76108. *See* ECF No. 9. According to the deputy who attempted service, "an employee at the above listed location . . . advised that the facility is no longer owned by Caraday of Fort Worth LLC" and "would not accept the process on behalf of Willow Ridge." *Id.* The deputy returned the summons unexecuted. *Id.* Thereafter, Jones returned a second summons form to the Marshals Service, requesting service on CT Corporation at 1999 Bryan St., Ste. 900, Dallas, Texas 75201. *See* ECF No. 17. After the Marshals Service served a CT Corporation fulfillment associate with process, the deputy returned the summons executed on May 4, 2026. *Id.*

By Order dated June 22, 2026, the Court noted that Jones did not explain whether CT Corporation is the registered agent for service of process on Caraday, and it informed Jones that she could not carry her burden to demonstrate that service on Caraday was proper without such an explanation. ECF No. 21; *see also, e.g.*, *Paramount Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 230 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (citing Tex. Bus. Orgs. Code §§ 5.201(b), 5.255(1) (West)) ("Service must be made on the corporation's registered agent, president, or any vice president."); Fed. R. Civ. P. 4(h). The Court therefore ordered Jones to show cause why it should not recommend that her Motion be denied. *Id.* She responded on July 2, 2026. ECF No. 22.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. There are three stages to entry of default judgment. First, a default occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see also* Fed. R. Civ. P. 55(a) (noting default occurs where the defendant "has failed to plead or

otherwise defend" against the complaint). Second, the Clerk may enter a defendant's default if it is "established by affidavit or otherwise." *Brown*, 84 F.3d at 141 (citing Fed. R. Civ. P. 55(a)). Third, if the Clerk enters default, the plaintiff must apply for a default judgment from the Court. Fed. R. Civ. P. 55(b)(2).

Before issuing a default judgment, the Court must ask if default judgment is procedurally warranted. *See Lindsey*, 161 F.3d at 893 (enumerating factors the Court considers). Essential to this inquiry is whether the movant seeking a default judgment properly served the non-movant whom the Clerk has entered default against. "[P]roper service is a jurisdictional prerequisite to the entry of a default judgment." *Avdeef v. Royal Bank of Scot., P.L.C.*, 616 F. App'x 665, 672 (5th Cir. 2015). Indeed, a "defendant cannot default if [it] had no duty to answer the suit—and [it] need not answer until 'service has been perfected.'" *Espinoza v. Humphries*, 44 F.4th 275, 276 (5th Cir. 2022) (quoting *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 n.6 (5th Cir. 2008)). A default judgment will be void if the Court "determines that it lacked personal jurisdiction over the defendant because of defective service of process." *Harper Macleod Solics. v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001) (cleaned up). To that end, the Court need not conduct the *Lindsey* analysis where as a threshold matter the plaintiff has not established that service was proper. *See Kajeet, Inc. v. Infoweise Pty., Ltd.*, No. 6:21-cv-00704-ADA, 2022 WL 2789241, at *3 (W.D. Tex. July 15, 2022).

**III. ANALYSIS**

Resolving Jones' Motion requires answering a singular question: has Jones demonstrated that CT Corporation is the registered agent for service of process on Caraday? In support of that showing, Jones asks the Court to "take mandatory judicial notice under Federal Rule of Evidence 201 of the public entity filings maintained by the Texas Secretary of State" because those records,

she says, show that "Caraday of Fort Worth, LLC is a legally registered active Domestic Limited Liability Company" with an "active registered agent for service of process" in the "exact[]" name of "CT Corporation System." ECF No. 22 at 9-10.

But the Court finds no support for this assertion. Although the Court may "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), Jones does not direct the Court to the specific database or website she consulted. At most, she only cites to the following parenthetical: "(Texas SOS File No. 0803362191)." ECF No. 22 at 9.

In the Court's own review of the Secretary of State's public records database, it finds that a limited liability company under the name "Caraday Ft Worth, LLC" exists, but its registered agent is a natural person with an address in New Braunfels, Texas—not CT Corporation in Dallas. *See* Caraday Ft Worth, LLC, Certificate of Formation Limited Liability Company, Document No. 1060485440004, TEX. SEC'Y OF STATE (June 22, 2021), https://www.sos.state.tx.us/corp/sosda/index.shtml (last visited July 17, 2026). Furthermore, the Court was unable to locate a business entity registered with the specific name "Caraday of Fort Worth, LLC." Absent evidence that this entity exists, and that Jones has properly served it, default judgment cannot issue. *See Avdeef*, 616 F. App'x at 672.

Furthermore, the Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In conducting the good cause analysis, the Court generally considers three factors: (1) whether the defendant willfully defaulted; (2) whether the defendant presents a meritorious defense; and (3) whether setting aside the default would "prejudice the adversary." *Jenkens & Gilchrist*, 542 F.3d at 119. Additionally, good cause exists outright where a defendant has not been properly served in the first place. *See Espinoza v. Humphries*, 44 F.4th 275, 276 (5th Cir. 2022).

This is because "a defendant cannot default if [it] had no duty to answer the suit—and [it] need not answer until 'service has been perfected.'" *Id.* (quoting *Jenkens & Gilchrist*, 542 F.3d at 123 n.6). Because it appears Jones has not served Caraday properly at this stage in the litigation, the Court should deny Jones' request for a default judgment and set aside the Clerk's entry of default.

## IV. CONCLUSION

For these reasons, the undersigned **RECOMMENDS** that Chief Judge O'Connor **DENY** Jones' Motion (ECF No. 20) without prejudice to her right to refile it should circumstances change. The undersigned further **RECOMMENDS** that Chief Judge O'Connor **DIRECT** the Clerk to **SET ASIDE** her entry of default as to Caraday.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on July 17, 2026.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE